**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MICHAEL LEMUS, # 1807442,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:14-CV-1996-P-BK |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| Director, TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be denied.

**I. BACKGROUND**

Petitioner pled guilty to aggravated robbery with a deadly weapon and was placed on deferred adjudication probation on February 2, 2012. *Ex parte Lemus*, No. 80,545–01 (Tex. Crim. App. 2012); Doc. 11-1 at 44-46. On August 27, 2012, after he pleaded true to allegations that he violated his probation and his deferred adjudication status was revoked, Petitioner was sentenced to 15 years' imprisonment pursuant to a plea agreement. Doc. 11-1 at 51-55. He did not file a direct appeal and, subsequently, the Texas Court of Criminal Appeals denied him state habeas relief. *See Ex parte Lemus*, Nos. 80,545–01 (Tex. Crim. App. Mar. 9, 2014) (denying relief without written order Doc. 11-4 at 1; additional records at Doc. 11-1 and Doc. 11-2); *Ex parte Lemus*, No. 80,545-02 (Tex. Crim. App. Mar. 9, 2014) (denying relief without written order on the trial court's findings without a hearing Doc. 11-9 at 1; additional records at Doc. 11-8).

In his timely, *pro se*, federal petition, Petitioner challenges the State's failure to appoint him counsel for state habeas review, claims that his plea of guilty and subsequent plea of true were involuntary, and contends that he received ineffective assistance of counsel during the guilty plea and adjudication hearings. Doc. 3 at 6-7; Doc. 6 at 2-3.  Respondent argues the petition lacks merit, and Petitioner has filed a reply.  Doc. 17; Doc. 19.[1]

## II. ANALYSIS

**A.  Unexhausted and Procedurally-Barred (Claim 1 and Claim in *Brief in Support*)[2]**

A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief.  *See* 28 U.S.C. § 2254(b); *Morris v. Dretke*, 413 F.3d 484, 490-491 (5th Cir. 2005).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  Failure to exhaust is generally a procedural bar to federal habeas review, although the court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to consider the

---

[1] In his reply, Petitioner asserts for the first time an excessive punishment claim, which he did not plead in his federal habeas petition.  Doc. 19 at 4.  A new claim, however, is not permitted in a reply.  *See* Jun. 25, 2014 Order [Doc. 8 at 2] ("A reply must be limited to the arguments raised in the Respondent's answer/responsive pleading and shall not include any new allegations of fact or new grounds for relief.").  Even liberally construing the reply as a motion for leave to amend, *see United States v. Trevino*, 554 Fed. Appx. 289, 293 (5th Cir. 2014) (requiring new issue raised by *pro se* litigant in reply to responsive pleading to be construed as a motion to amend), Petitioner cannot show that the newly raised claim is not procedurally barred.  *See* State Habeas Court's Findings, Doc. 11-2 at 12, concluding excessive punishment claim was forfeited because it could have been raised on direct appeal.

[2] The Court follows the numbering system in Petitioner's federal habeas petition.

claims will result in a fundamental miscarriage of justice.  *Ries v. Quarterman*, 522 F.3d 517, 523-524 (5th Cir. 2008).

Petitioner did not exhaust his claims that the state court failed to provide him counsel for the first level of review of ineffective assistance of counsel (Claim 1), and that he was denied his right to counsel on state habeas review (Claim raised in *Brief in Support*).  *Compare* Doc. 3 at 6-7 and Doc. 6 at 2-4 with Doc. 11-1 at 13-17 and Doc. 11-8 at 11-15.  His failure to exhaust constitutes a procedural default that bars this Court from considering the claims.  *Morris*, 413 F.3d at 491-492; *Ries*, 522 F.3d at 523-524.  Moreover, Petitioner has not alleged, much less shown cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claims.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *modified by Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309 (2012).  Indeed, in his reply, he fails to address Respondent's assertion that these claims are procedurally barred.  Doc. 19 at 2.  Petitioner only repeats that he was denied counsel.  Doc. 19 at 2.  Additionally, it is apparent from a review of the record that Petitioner had the opportunity to raise in his state writ all the claims he presents here, and simply failed to do so.  Therefore, the first claim and the claim raised in the *Brief in Support* should be dismissed with prejudice as unexhausted and procedurally barred.[3]

---

[3] *Martinez v. Ryan*, --- U.S. ---, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911 (2013) recognized a limited exception to procedural default for failure to raise a claim of ineffective assistance of counsel on direct appeal or in a first habeas application. Petitioner relies on *Martinez* and *Trevino* to raise a stand-alone claim that he was denied counsel on initial collateral review, and does not seek to excuse a procedural default. Doc. 6 at 3.  That notwithstanding, none of his ineffective-assistance-of-counsel claims are procedurally barred.

### B.     Remaining Claims lack Merit

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," as the decision of the state court is reviewed under a "highly deferential standard" and afforded the "benefit of the doubt." *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). The deferential standard of review applies even where the state court summarily denied the state application without written order. *See Richter*, 562 U.S. at 100 ("§2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").[4]

*Involuntary Guilty Plea and Plea of True (Claim 3)*

Petitioner asserts generally that his guilty plea and subsequent plea of true were involuntary because he received erroneous advice regarding each plea from counsel. Doc. 3 at 7; Doc. 19 at 2. The state habeas judge rejected these contentions, finding:

> 7. Regardless of any conversation between Lemus and his trial attorneys, prior to each plea, the plea papers clearly show that . . . Lemus was admonished on the

---

[4] The state court denied one application without written order and the other one without written order on the trial court's findings without a hearing. Doc. 11-4 at 1; Doc. 11-9 at 1. Since the trial court issued the same findings and conclusion in both cases, the Court references those findings in discussing each of the claims below.

correct range of punishment, to wit: first degree felony with a punishment range from five years to life. The plea papers clearly reflect . . . what, if any, plea agreement had been reached with the prosecution. The papers clearly show that Lemus was admonished on his right to contest the charges and the right to present evidence.

8. The trial attorneys, Mr. Cowan and Ms. Mayes, have provided . . . affidavits to rebut these claims. The court knows Mr. Cowan and Ms. Mayes and finds them to be . . . credible.

9. In his affidavit, which is attached hereto, Mr. Cowan avers that the decision to plead guilty was the result of many consultations with Lemus. During these consultations, the consequences of his plea were fully explained to Lemus and the decision to plead guilty was both knowingly and voluntarily made.

10. In her affidavit, which is attached hereto, Ms. Mayes avers that the decision to plead true and go open to the court for punishment was the result of many consultations with Lemus. During these consultations, the consequences of his plea were fully explained to Lemus and the decision to plead true was both knowingly and voluntarily made.

Doc. 11-2 at 10-11.

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). A guilty plea is knowing, voluntary, and intelligent if it is done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *See Brady v. United States*, 397 U.S. 742, 749-50 (1970). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review." *Deville v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994) (quotation and quoted case omitted).

Here, as reflected in the state court record, Petitioner was adequately informed of the nature of the charges against him and the consequences of his guilty plea, including the applicable range of punishment. The plea agreement, which he signed, included an agreement for an eight-year deferred adjudication probation and included written admonishments regarding

the range of punishment and waiver of constitutional rights associated with a trial.  Doc. 11-8 at 109-110, *Plea Agreement*.[5]  In addition, Petitioner judicially confessed that he was guilty of aggravated robbery and that his guilty plea and judicial confession were voluntarily entered.  Doc. 11-8 at 109-111, *Plea Agreement*; Doc. 11-8 at 113, *Judicial Confession*; Doc. 11-2 at 20, *Magistrate Judge's Findings on Original Plea*; Doc. 11-2 at 30-31, *Transcript Guilty plea*.

Likewise, the record reflects Petitioner understood the consequences of his plea of true to the allegations that he violated his probation conditions.  He signed a plea agreement that reflected his plea of true to the allegations contained in the State's motion.  Doc. 11-2 at 37-38, *Transcript of Plea of True*; Doc. 11-8 at 123, *Plea Agreement (Motion to Revoke or Adjudicate)*. The plea agreement also affirmed that Petitioner's plea of true was "freely and voluntarily made, and not influenced by any consideration of fear, persuasion, or delusive hope of pardon or parole."  Doc. 11-8 at 123.  In addition, Petitioner judicially confessed that he had violated the terms of his community supervision by failing to pay fees and costs and obtain a psychological evaluation or counseling, and that his plea and judicial confession were voluntarily entered.  Doc. 11-8 at 123-124.

In his unsworn reply, Petitioner asserts for the first time: "I never committed this crime and … I had family to support."  Doc. 19 at 2.  He avers that his plea of true "was . . . directly the result of my needing to take care of my family."  Doc. 19 at 2.  Official court records, however, "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review.  Hobbs v. Blackburn, 752 F.2d 1079, 1081-1082  (5th Cir. 1985) (citations omitted).  Moreover, "[s]olemn declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Cothran*, 302 F.3d

---

[5]  Unlike Doc. 11-8, Doc. 11-2 does not contain a complete copy of the plea agreement.

279, 283–84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."). Petitioner's belated, conclusory assertions in his reply are insufficient to rebut the presumption that his plea of guilty and plea of true were voluntary and intelligent. *See* 28 U.S.C. § 2254(e)(1) ("determination of a factual issue by a state court shall be presumed correct" unless rebutted "by clear and convincing evidence").

Accordingly, Petitioner has not shown that the state court's decision rejecting his claims was an unreasonable application of clearly established federal law. These claims, therefore, fail.

*Ineffective Assistance of Counsel (Claims 2 and 4)*

Next, Petitioner asserts that he received ineffective assistance of counsel at both the trial and adjudication stages. Doc. 3 at 6-7. Respondent argues there is a limited right to counsel in the parole revocation context, *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), and the Supreme Court has not addressed whether a probationer is entitled to the same level of representation as a criminal defendant. That notwithstanding, under *Stickland v. Washington*, both claims fail.

The Court reviews ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance" under *Strickland v. Washington*, 466 U.S. 668, 689 (1984) "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

Petitioner does not specify what his trial counsel did or failed to do that amounted to constitutionally ineffective assistance. Doc. 3 at 6-7. Regarding Ms. Mayse, his revocation/adjudication hearing counsel, Plaintiff asserts she failed to advise him of his appeal rights, failed to file a motion for new trial and/or a notice of appeal, and failed to speak with

Petitioner and his wife.  Doc. 3 at 6-7; Doc. 19 at 3.  The state habeas judge rejected these claims, finding in part:

> 16. The record, including the "certification of the right to appeal," clearly demonstrate that Lemus was advised he could appeal. Therefore, Lemus' claim that he did not know he could appeal is gainsaid by the record.

Doc. 11-2 at 11, 13.

Petitioner's bare assertions of ineffective assistance of counsel are vague and insufficient to plead a Sixth Amendment claim.  *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim).  Without any specific allegations of how trial counsel's performance fell below an objective standard of reasonableness and he was prejudiced as a result, Petitioner fails to raise an issue of constitutional import. "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Pineda*, 988 F.2d at 23 (quotations and quoted case omitted); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

Moreover, Petitioner's claim that his adjudication hearing counsel was ineffective fares no better.  As the state habeas court noted, the certification of appeal rights form, which Petitioner and Ms. Mayse signed on August 24, 2012, three days before he was adjudicated guilty, contradicts Petitioner's current, self-serving assertions that he was unaware of his right to appeal.  *See State v. Lemus*, No. F1160118, *Trial Court's Certification of Defendant's Right to Appeal* (291st Judicial District Court Aug. 24, 2012), *available at* http://courtecom.dallascounty.org/pav/.  Petitioner is also silent regarding the issues he would have raised on appeal.  Additionally, Petitioner offers no explanation of what he and his wife

Page **8** of **10**

wanted to discuss with Ms. Mayse, let alone how the subject matter would have impacted his decision to plead true. Thus, even when liberally construed, Petitioner's allegations against adjudication counsel are likewise too conclusory and speculative to raise a constitutional claim. *West v. Johnson*, 92 F.3d 1385, 1399-1400 (5th Cir. 1996) ("the court need not blindly accept speculative and inconcrete claims") (quoted case omitted).

Based on the above, Petitioner cannot overcome the strong presumption that he received effective assistance of counsel during the revocation/adjudication proceedings. The state court's denial of relief on these grounds was a reasonable application of federal law. Accordingly, his claims have no merit.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

SIGNED August 10, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                    RENEE HARRIS TOLIVER
                                                                    UNITED STATES MAGISTRATE JUDGE